

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Criminal Action No.: 0:17-01151-MGL-1 |
| § | |
| RICHARD DARRYL MOON, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.     INTRODUCTION**

Pending before the Court is Defendant Richard Darryl Moon's (Moon) pro se motion to reduce his sentence. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Moon's motion to reduce his sentence will be denied.

**II.    PROCEDURAL HISTORY**

The grand jury indicted Moon on three counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (substantive counts), as well as a forfeiture count.

Moon pled guilty to one of the three substantive counts as well as the forfeiture count in the indictment. This Court sentenced him to a term of imprisonment of twenty-four months and a term of supervised release of two years.

Moon is currently housed at Federal Correctional Institution, Butner Low (FCI Butner) and has a projected release date on or about September 12, 2021.  He filed this motion seeking home confinement due to the Covid-19 pandemic.

**III.     LEGAL STANDARD**

A court may modify a term of imprisonment under only three specific circumstances.  First, a court can modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence).  Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has been subsequently lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Finally, the Court may reduce a sentence "upon motion of the Director of the Bureau of Prisons . . . [provided the Court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . or . . . the defendant is at least 70 years of age, and has served at least 30 years in prison."  18 U.S.C. § 3582(c)(1)(A).  Additionally, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission"  A defendant can bring a motion under § 3582(c)(1)(A) on his own accord only after he "has fully exhausted all administrative rights of appeal [of] a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  *Id.*

IV.     **DISCUSSION AND ANALYSIS**

Moon fails to argue either of the first two scenarios are applicable. Rather, he moves for reduction solely on the basis of the third circumstance, alleging Covid-19, when taken with his underlying medical conditions, qualifies as an extraordinary and compelling reason.

To start, Moon filed a request with the Warden of FCI Butner for compassionate release, which was denied. Thirty days after filing that request, Moon filed the immediate motion before the Court. Accordingly, Moon has met the administrative exhaustion requirements and this Court may properly entertain the motion.

The Court must now turn to the merits of Moon's motion. As discussed above, the Court may only reduce a defendant's sentence "if it finds. . . extraordinary and compelling reasons warrant such a reduction . . . and . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

The Sentencing Commission's policy statement presents three requirements for a court to reduce a defendant's sentence under § 3582(c)(1)(A): 1) "extraordinary and compelling reasons warrant the reduction," 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and 3) "the reduction is consistent with this policy statement." U.S. Sentencing Guidelines Manual § 1B1.13. In the application notes to this policy statement, the Sentencing Commissions announce "extraordinary and compelling reasons exist . . . [when a] defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

3

### A. Whether Moon presents extraordinary and compelling reasons warranting a reduction of his sentence

Moon suffers from cirrhosis of the liver. Presentence Investigation Report (PSR) ¶ 65. Moon also alleges in his motion he also suffers from "early stages of kidney failure." Motion at 6. Moon, however, fails to provide any independent evidence of his kidney failure.

The Court concurs with the Department of Justice's position an inmate "with a medical condition that the C[enter for ]D[isease ]C[ontrol (CDC] has identified as a risk factor for COVID-19, and from which the inmate is not expected to recover," qualifies under the definition for extraordinary and compelling circumstances during this pandemic. Government's Response in Opposition at 14-15. The CDC maintains a list of underlying conditions potentially affecting an individual susceptibility to Covid-19, dividing the conditions into two categories: 1) conditions for which individuals "are at an increased risk of severe illness from COVID-19 [(first category)]," and 2) conditions for which individuals "might be at an increased risk for severe illness from COVID-19 [(second category]." *People of Any Age with Underlying Medical Conditions*, Center for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated June 25, 2020). "Chronic kidney disease" is designated in the first category and "[l]iver disease" is in the second.

The government, in its brief, takes the position only conditions in the CDC's first category qualify as extraordinary and compelling reasons to warrant a reduction. Moon has established he suffers from a condition in the CDC's second category, and has asserted, without providing any independent evidence, he suffers from a condition in the CDC's first category. Because—as explained below—the Court holds Moon fails to qualify for compassionate release on other grounds, the Court will assume without deciding individuals suffering from a condition in the

4

CDC's second category qualify as extraordinary and compelling circumstances given the Covid-19 pandemic.

### B. Whether Moon is a danger to the safety of any other person or the community

The Court must also ensure a defendant seeking a sentence reduction "is not a danger to the safety of any other person or to the community" using the factors in 18 U.S.C. § 3142(g). U.S. Sentencing Guidelines Manual § 1B1.13.  Section 3142(g) directs a court to consider factors including "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . firearm," "the history and characteristics of the person," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

Moon's case involved a felon possessing and selling numerous firearms, including assault weapons.  Additionally, Moon has previous convictions for criminal domestic violence, criminal domestic violence of a high and aggravated nature, and accessory after the fact to murder.  PSR ¶¶ 36, 38, 40.  Moon's criminal history—including his federal conviction at issue—demonstrate a propensity towards violence, thus, the Court finds Moon presents a danger to the safety of the community.  Accordingly, Moon fails to qualify for compassionate release, even if his medical condition were to qualify as an extraordinary and compelling situation.

## IV.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Moon's motion to reduce his sentence is **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 13th day of July 2020 in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE